1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11

12   DESMOND WILLIAMS,                        Case No.  5:13-cv-00470 HRL

            Plaintiff,                        **ORDER GRANTING DEFENDANT'S**
13                                            **MOTION TO DISMISS**
         v.
14                                            [Re:  Dkt. 10]

15   RAY MABUS, SECRETARY OF THE
     NAVY and DOES 1 through 20, inclusive,
16
            Defendants.

17        Plaintiff Desmond Williams is an African-American who worked as a Federal Police

18   Officer at the Naval Support Activity Monterey Security Department (NSA Monterey).  He sues

19   under Title VII, 42 U.S.C. § 2000e, et seq. for alleged employment discrimination based on his

20   "race and color and retaliation for engaging in protected activity."  (First Amended Complaint

21   (FAC) ¶ 1).  The FAC alleges five incidents of purported discrimination.[1]  The first three concern

22   an alleged May 2011 delayed promotion to the GS-7 level; a July 2011 work shift change; and an

23   August 2011 suspension.  As to these claims, there is no dispute that plaintiff exhausted his

24   administrative remedies.  During those proceedings, plaintiff says that he was issued a Notice of

25   _____

26   [1] The FAC also alleges that plaintiff overheard racial jokes and comments in the workplace.
     Plaintiff, however, has confirmed that he is not claiming hostile work environment or asserting a
27   stand-alone claim based on those allegations.  Accordingly, defendant's motion to dismiss is
     deemed moot as to them, although the court agrees that the alleged jokes and comments may be
28   relevant to show racial animus if, for example, Williams is able to tie those jokes and comments to
     his supervisors or to others responsible for making decisions affecting his employment.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Right to File a Discrimination Complaint, and his formal EEO complaint was then filed in October

2    2011 (hereafter, "October 2011 formal EEO complaint").

3         The other two claims of discrimination concern a December 2011 failure to promote and a

4    June 2012 suspension.  According to the FAC, in late 2011 NSA Monterey announced a job

5    vacancy for a Sergeant position, which eventually was given to a Caucasian officer whom,

6    plaintiff claims, was the least qualified of all the candidates.  As for the June 2012 suspension,

7    plaintiff claims that it was completely unwarranted.

8         As to these two claims, defendant moves to dismiss for lack of subject matter jurisdiction,

9    Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6).  Defendant

10   contends that plaintiff either failed to timely exhaust his administrative remedies or withdrew his

11   claims prior to filing this suit.  Additionally, defendant argues that dismissal is warranted anyway

12   because the FAC fails to state a claim for relief.  Plaintiff opposes the motion.  Upon consideration

13   of the moving and responding papers, as well as the arguments of counsel, the court grants the

14   motion to dismiss for failure to exhaust administrative remedies and finds it unnecessary to reach

15   defendant's arguments under Fed. R. Civ. P. 12(b)(6).[2]

16                                  **LEGAL STANDARD**

17       **A.  Fed. R. Civ. P. 12(b)(1)**

18        "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the

19   pleadings or by presenting extrinsic evidence."  Warren v. Fox Family Worldwide, Inc., 328 F.3d

20   1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).  Here,

21   defendant raises a factual attack on jurisdiction.  Thus, "[u]nlike a Rule 12(b)(6) motion, a Rule

22   12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their

23   formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the

24   court."  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  "It then becomes necessary

25   for the party opposing the motion to present affidavits or any other evidence necessary to satisfy

26

27   _____
     [2] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

28                                         2

United States District Court
Northern District of California

1   its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Id. "The

2   district court obviously does not abuse its discretion by looking to this extra-pleading material in

3   deciding the issue, even if it becomes necessary to resolve factual disputes." Id. (citing Thornhill

4   Publishing Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  Additionally,

5   where, as here, jurisdictional issues are separable from the merits of the case, the court may weigh

6   the evidence and determine the facts in order to establish its power to hear the case.  See id.

7       **B.   Fed. R. Civ. P. 12(b)(6)**

8           A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

9   the legal sufficiency of the claims in the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

10  2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of

11  sufficient facts alleged to support a cognizable legal theory.  Id. (citing Balistreri v. Pacifica Police

12  Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the

13  complaint must be taken as true and construed in the light most favorable to the claimant.  Id.

14  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court

16  is not required to accept legal conclusions cast in the form of factual allegations if those

17  conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness

18  Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

19          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

20  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

21  must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

22  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

23  However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at

24  1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference

25  that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide

26  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-

27  harmed-me accusation." Id. at 1949.

28                                                    3

1   Documents appended to the complaint or which properly are the subject of judicial notice

2   may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See

3   Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

4   MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

5   While leave to amend generally is granted liberally, the court has discretion to dismiss a

6   claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

7   Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,

8   393 (9th Cir. 1996)).

9   ## DISCUSSION

10  **A.  Alleged December 2011 Failure to Promote**

11  Defendant contends that, during the administrative process, plaintiff did not timely comply

12  with 29 C.F.R. § 1614.106, which required him to file a formal EEO complaint within 15 days

13  from receipt of a Notice of Right to File a Discrimination Complaint.  At issue is whether the EEO

14  office sent, and whether plaintiff received, such a notice in March 2012.  If so, then plaintiff's

15  formal EEO complaint, which was not filed until October 2012, is untimely.

16  Before bringing a Title VII discrimination claim, a federal employee must first exhaust

17  administrative remedies.  42 U.S.C. § 2000e-16(c); Sommatino v. United States, 255 F.3d 704,

18  707-08 (9th Cir. 2001).  "Under the Title VII statutory and regulatory scheme, a federal employee

19  must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct,

20  and then, if the matter is not resolved, the employee may submit a formal administrative

21  complaint."  Sommatino, 255 F.3d at 708; see also 29 C.F.R. § 1614.105 (pre-complaint

22  processing); 29 C.F.R. § 1614.106 (individual complaints).

23  Title VII's administrative exhaustion requirements are not jurisdictional; rather, they are

24  "conditions precedent to filing an action which a defendant may waive or be estopped from

25  asserting."  Sommatino, 255 F.3d at 708; see also 29 C.F.R. § 1614.604 ("The time limits in this

26  part are subject to waiver, estoppel and equitable tolling.").  However, "substantial compliance

27  with the presentment of discrimination complaints to an appropriate administrative agency is a

28

4

United States District Court
Northern District of California

jurisdictional prerequisite." <u>Sommatino</u>, 255 F.3d at 708.

### 1.  Background

On or about January 10, 2012, Williams contacted the EEO office to complain about being passed over for the Sergeant position.  According to defendant, after proceeding through the initial counseling process, on March 9, 2012, EEO counselor Mona Gonzales sent Williams a Notice of Right to File a Formal Complaint via certified and regular mail at his address on Honeysuckle Way in Stockton, California.[3]  That notice, says defendant, advised Williams that his formal EEO complaint had to be signed and filed "within fifteen (15) calendar days from the receipt of this letter."  (Gonzales Decl. ¶ 5; Suppl. Gonzales Decl. ¶ 12; Scharf Decl. ¶ 4, Ex. B).

Gonzales says that the certified copy of that notice was returned as unclaimed, but the copy sent by regular mail was not.  (Gonzales Decl. ¶¶ 6-7; Suppl. Gonzales Decl. ¶¶ 13-14 and Ex. H).  Nor did she receive anything from the postal service indicating that the notice sent by regular mail was not successfully delivered.  (<u>Id.</u>).  Additionally, Gonzales says that she conducted a final interview with plaintiff on March 9, 2012 and told him that she was sending out the Notice of Right to File a Formal Complaint via regular mail and certified U.S. mail that day.  (Gonzales Decl. ¶ 4).

Williams, on the other hand, claims that he has never before seen a copy of the Notice of Right to File a Formal Complaint submitted by defendant on the instant motion.  (Williams Decl. ¶ 4).  He flatly denies that any such document was ever sent to him or provided to him in any way.  (<u>Id.</u>).  He says he never received any notices of certified mail at his address; and that he never received any telephone or other communication confirming that he received the notice allegedly sent on March 9.  (<u>Id.</u>).  Moreover, Williams says he does not recall any final interview on March 9, 2012 in which he allegedly was informed of the results of the investigation of his claim of discrimination re the Sergeant position.  (<u>Id.</u>).

About two months later, on June 25, 2012, plaintiff retained attorney Douglas C. Kane,

---

[3] Williams does not dispute that defendant had his correct address, which had not changed.

United States District Court
Northern District of California

who also represents plaintiff in this litigation.  (Kane Decl. ¶ 2).  On June 29, 2012, Kane

contacted Marissa Marmolejo, the EEO Complaints Manager for the Navy Region Southwest, and

advised that Williams wanted to amend his October 2011 formal EEO complaint to include his

claim re the Sergeant position, as well as his grievance re the June 2012 suspension.  Marmolejo

did not allow the amendment, but said that the latter two claims would be sent to EEO informal

counseling.  (Id. ¶ 4, Ex. B).  Fernando Ramirez was assigned as the EEO counselor, and a Notice

of Rights and Responsibilities issued on July 3, 2012.  (Id. ¶ 5).  Ramirez investigated the claims

re the alleged December 2011 failure to promote and the June 2012 suspension, and the parties

subsequently participated in an unsuccessful mediation on September 17, 2012.  (Id.).  On

September 26, 2012, the EEO office issued a Notice of Right to File a Discrimination Complaint,

and Williams filed a formal EEO complaint on October 9, 2012.  Defendant then dismissed that

complaint pursuant to 29 C.F.R. § 1614.107(a)(1),[4] stating that although the informal complaint re

the alleged failure to promote was closed on March 9, plaintiff did not initiate a formal EEO

complaint on that claim.  (Scharf Decl. ¶ 6, Ex. D).

### 2.   Whether Williams' October 9, 2012 formal EEO complaint was untimely

The crux of the parties' dispute is whether the EEO office sent, and whether plaintiff

received, a notice of his right to file a formal EEO complaint in March 2012.  As discussed above,

Williams claims that the only such notice that ever was sent and received was in September 2012.

Having considered the parties' respective evidence and arguments, however, this court does not

find plaintiff's version of events to be plausible, and his testimony on this matter does not refute

defendant's evidence as to material facts.

To begin, in the FAC and in his opposition papers, Williams continues to insist that, after

he contacted the EEO office in January 2012, the EEO office took no further action, never issued a

Notice of Rights and Responsibilities, and never issued a Notice of Right to File a Discrimination

---

[4] 29 C.F.R. § 1614.107(a)(1), provides that prior to a request for a hearing, the agency shall
dismiss a complaint  "[t]hat fails to state a claim under § 1614.103 or § 1614.106(a) or states the
same claim that is pending before or has been decided by the agency or Commission."

United States District Court
Northern District of California

Complaint.  (FAC ¶ 19; Opp. at 8).  That assertion is simply not corroborated by the evidence---in fact, the record flatly contradicts it.  Faced with defendant's evidence, plaintiff has now had to acknowledge that there was a Notice of Rights and Responsibilities prepared after he contacted the EEO office.  (Opp. at 8; Williams Decl. ¶ 3).  Plaintiff does not deny that the January 2012 Notice of Rights and Responsibilities bears his signature.[5]  Defendant's unrefuted evidence also shows that Gonzales corresponded with Williams by email a number of times during the pre-complaint counseling period to request further information and records.  (Suppl. Gonzales Decl. ¶¶ 7, 10-11, Exs. E and G).

Williams surmises that no notice of his right to file a formal EEO complaint actually was sent in March 2012, but he has presented nothing (other than his own speculation) to support such a theory.  Plaintiff avers that he did not "receive any telephone or other inquiry confirming that [he] had *received* the notice allegedly sent on March 9, 2012."  (Williams Decl. ¶ 4) (emphasis added).  That does not refute Gonzales' testimony that she called Williams on that date to "inform[] him that [she] was *sending out* the Notice of Right to File a Formal Complaint via regular and certified mail that day."  (Gonzales Decl. ¶ 4) (emphasis added).  Moreover, defendant has presented evidence, including postal records and a certified mail receipt bearing a March 9, 2012 postmark, as to the mailing of the notice on that date via certified and regular mail. (Gonzales Decl. ¶¶ 5-7; Suppl. Gonzales Decl. ¶¶ 12, 14, Ex. H).  Although Williams denies ever receiving any certified mail notices at his address, he does not deny receipt of the notice by regular mail, which Gonzales avers was never returned to the EEO as undeliverable.  (Gonzales Decl. ¶ 7).  See generally Anderson v. United States, 966 F.2d 487, 491 (9th Cir. 1992) ("Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable

---

[5] For purposes of resolving the instant motion, the court finds no significance in plaintiff's quibbling about fax lines and other alleged discrepancies in the document.  Defendant explains that plaintiff initially faxed the Notice of Rights and Responsibilities to the EEO office on January 13, 2012.  (Suppl. Gonzales Decl., Ex. D).  Although he was asked to return the entire form, Williams only returned the 6 election pages of the notice.  The fax was received by EEO Technician Allen Nguyen, who forwarded it to Gonzales on January 19, 2012.  (Id.).  Plaintiff eventually returned the entire Notice of Rights and Responsibilities.  (Id., ¶ 9, Ex. F).  Nguyen then forwarded it to Gonzales on February 1.  (Id.).

United States District Court
Northern District of California

1    presumption that it is received by the addressee.").

2         As for the notice sent by certified mail, U.S. Postal records show that the Post Office made

3    no less than three delivery attempts on March 12, March 19, and March 29, before the notice was

4    returned to the EEO office as unclaimed.  (Suppl. Gonzales Decl. ¶ 14, Ex. H).  Defendant has

5    cited to a number of cases, in the context of an EEOC right-to-sue letter, in which courts have held

6    that filing deadlines are triggered upon the delivery of the first notice of certified mail, not when

7    the mail actually is picked up.  See, e.g., Lee v. Henderson, 75 F. Supp.2d 591, 593 (E.D. Tex.

8    1999) ("It is true that the statute states that the limitation period begins when the Plaintiff *receives*

9    the letter.  However, in circumstances where a plaintiff does not claim her certified mail, the

10   ninety-day period is triggered upon delivery of the first notice of certified mail, not when the letter

11   is actually picked up.").  Plaintiff argues that these cases are inapposite inasmuch as they concern

12   different statutes and regulations than the ones at issue here.  This court nevertheless finds

13   persuasive the reasoning underlying those decisions:   "Requiring actual pickup of certified mail

14   would allow some plaintiffs open-ended time extension, subject to manipulation at will."  Id. at

15   593-594 (internal quotations and citations omitted).

16        Additionally, the record indicates that Williams was on notice that the initial EEO

17   counseling period would draw to a close in March 2012.  Indeed, on February 1, 2012, Gonzales

18   emailed plaintiff and requested a 30-day extension of the counseling period, which she noted was

19   due to end on February 9, 2012.  (Suppl. Gonzales Decl., ¶¶ 10-11, Ex. G).  Williams responded

20   that same day and agreed to the extension.  (Id.).  Moreover, Gonzales avers that she conducted a

21   final interview with Williams on March 9, 2012.  (Gonzales Decl. ¶ 4).  Williams' declaration

22   does not refute that testimony; he says only that he "do[es] not *recall* any final interview on or

23   about March 9, 2012, in I [sic] was allegedly informed of the results of an inquiry into my

24   allegation of discrimination regarding my failure to be promoted to the Sergeant position."

25   (Williams Decl. ¶ 4).  The fact that plaintiff might not remember the interview does not mean it

26   did not happen as Gonzales avers.  Moreover, plaintiff was not new to the administrative EEO

27   process, having been through it at least once before with respect to the three earlier claims of

28

United States District Court
Northern District of California

United States District Court
Northern District of California

alleged discrimination that were the subject of his October 2011 formal EEO complaint.  It therefore is reasonable to infer that he understood the import of the closing of the informal counseling period.

Under these circumstances, the court finds that weight of the evidence re the presumption of delivery falls in defendant's favor and that the limitation period for filing a formal EEO complaint was triggered at least by March 12, 2012 when the certified mail was available for pickup at the Post Office.  Plaintiff therefore was required to file a formal complaint by March 27, 2012.  His formal complaint, which was not filed until October 9, 2012, was untimely.

### 3.  Whether Williams is entitled to equitable tolling or equitable estoppel

Williams nevertheless argues that he is entitled to equitable tolling.  The doctrine of equitable tolling focuses on whether, despite all due diligence, there was excusable delay by plaintiff.  Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997).  Such tolling has been applied to excuse a claimant's failure to comply with relevant time limitations when he had neither actual nor constructive notice of the filing period.  Id.  Having concluded that plaintiff received at least constructive notice of the 15-day deadline for filing a formal EEO complaint, and finding no basis to conclude that he exercised due diligence, the court finds that equitable tolling does not apply.

Williams maintains that equitable estoppel applies because (1) the EEO office wrongfully refused to permit him to amend his October 2011 formal EEO complaint to include his grievance about the Sergeant position; and (2) the EEO office permitted him to pursue that claim through a second informal pre-complaint proceeding, leading him to believe that he essentially was being given a "do-over."

The doctrine of equitable estoppel looks at whether a defendant took any steps to prevent the plaintiff from acting timely.  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  A finding of equitable estoppel depends on consideration of a non-exhaustive list of factors including (1) plaintiff's actual and reasonable reliance on defendant's conduct or representations; (2) evidence of the defendant's improper purpose or defendant's actual or constructive knowledge of

1    the deceptive nature of its conduct; and (3) the extent to which the purposes of the limitations

2    period have been satisfied.  Id.

3              The court is unpersuaded that equitable estoppel applies by virtue of the EEO office's

4    denial of Williams' request to amend his earlier-filed October 2011 EEO formal complaint.

5    Plaintiff argues that the amendment should have been allowed, pointing out that under 29 C.F.R. §

6    1614.106(d), "[a] complainant may amend a complaint at any time prior to the conclusion of the

7    investigation to include issues or claims like or related to those raised in the complaint."  But,

8    Williams' claims are based on discrete and separate acts of alleged discrimination.  See Nat'l R.R.

9    Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S. Ct. 2061, 2073 (2002) ("Discrete acts such

10   as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each

11   incident of discrimination and each retaliatory adverse employment decision constitutes a separate

12   actionable 'unlawful employment practice.'").

13             Plaintiff's reliance on Kalinoski v. Gutierrez, 435 F. Supp.2d 55 (D.C. Cir. 2006) is

14   misplaced.  At issue in Kalinoski was whether the 45-day time limit for initiating contact with an

15   EEO counselor under 29 C.F. R. § 1614.105 prevented the claimant from amending her earlier-

16   filed complaint under 29 C.F.R. § 1614.106(d) to include a constructive discharge issue that arose

17   after the complaint was filed.  The court concluded that the constructive discharge properly was

18   permitted in an amended complaint because the complaint treated the constructive discharge, not

19   as a discrete incident of discrimination, but rather as a fact relevant to the harm plaintiff claimed to

20   have suffered as a consequence of other allegedly discriminatory events.  Id. at 76.  That is not the

21   case here, and Williams has failed to convince that his December 2011 failure to promote claim is

22   anything but an entirely discrete and separate incident of alleged discrimination.

23             Plaintiff nonetheless contends that, by permitting him to engage in the second informal

24   pre-complaint process re the failure to promote claim, the EEO office essentially led him to

25   believe that he would be permitted to proceed with a formal complaint.  On the record presented,

26   however, the court finds that Williams was in no way tricked, affirmatively misled, or induced by

27   defendant into allowing the filing deadline to pass.  Indeed, as discussed above, the deadline for

28                                                  10

United States District Court
Northern District of California

filing a formal EEO complaint had already passed.  Moreover, during the informal counseling period, agency regulations strictly prohibit counselors from restraining a claimant in any way from filing a complaint.  <u>See</u> 29 C.F.R. § 1614.105(g) ("The Counselor shall not attempt in any way to restrain the aggrieved person from filing a complaint.").  In any event, "[t]he mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when," as here, "the later investigation does not result in an administrative finding of discrimination."  <u>Boyd v. U.S. Postal Service</u>, 752 F.2d 410, 414 (9th Cir. 1985).

Defendant's motion to dismiss re the alleged December 2011 failure to promote claim is granted for failure to exhaust administrative remedies.

**B.  June 2012 Suspension**

Defendant contends that plaintiff also failed to exhaust his administrative remedies with respect to the June 2012 suspension claim.  But, this time, the parties dispute whether Williams withdrew this claim during the informal counseling period.  If he did, then defendant argues that it is fatal to his claim because "[t]o withdraw is to abandon one's claim, to fail to exhaust one's remedies."  <u>Rivera v. United States Postal Service</u>, 830 F.2d 1037, 1039 (9th Cir.1987), superceded by rule on other grounds as stated in <u>Bak v. U.S. Postal Service</u>, 52 F.3d 241, 244 (9th Cir. 1995).

According to the FAC, on May 30, 2012, plaintiff received a notice of removal, alleging that he had been absent without leave, failed to follow leave-requesting procedures, and failed to report for scheduled hours.  (FAC ¶ 20).  Williams contacted the EEO office the next day and made an informal complaint about the notice of removal, which subsequently was reduced to a 14-day suspension without pay in June 2012.  (<u>Id.</u> ¶ 22).

James Ramos was the assigned EEO counselor.  He avers that on June 4, 2012, he emailed Williams a Notice of Rights and Responsibilities form and requested that Williams review and return all necessary documents to the EEO office by the close of business on June 11, 2012.  However, Ramos says that at no time during the informal counseling period did Williams return

United States District Court
Northern District of California

1    the documents Ramos sent to him.  (Ramos Decl. ¶¶ 4-5, Ex. A).

2              Ramos further states that, on June 18, 2012, he emailed Williams and asked if he had

3    returned the Rights and Responsibilities documents to the EEO office, telling plaintiff that those

4    documents were necessary for the processing of his informal complaint.  (Ramos Decl. ¶¶ 6-7, Ex.

5    B).  Ramos also asked Williams to provide a date and time when Ramos could telephone him.

6    (Id.).  Williams responded that same day and provided Ramos with a phone number.  Later that

7    same day, Ramos, along with a co-worker, called Williams and conducted an initial counseling

8    interview.  But, the phone conversation was disconnected somehow; and, when Ramos emailed

9    Williams to contact him to continue processing his informal complaint, Williams reported that

10   Ramos' phone number actually went to someone else.  (Id. ¶¶ 9-11).  So, on June 20, 2012, Ramos

11   phoned Williams to continue the initial interview, but Williams asked him to wait until June 22

12   because he was consulting with an attorney.  (Id. ¶ 12).

13             Ramos says that, on June 25, he called Williams again to ask if he was going to pursue his

14   informal complaint.  (Id. ¶ 13).  Ramos avers that during that conversation, Williams "indicated

15   that [he] would like to withdraw his informal complaint."  (Id.).  That same day, Ramos emailed

16   Williams, stating, "This is a follow up from our phone conversation.  I understand that you would

17   like to withdraw your EEO complaint submitted on 01 June 2012.  To confirm this decision,

18   please respond to me no later than 26 June 2012."  (Id., ¶ 14 Ex. C).  Williams responded by email

19   on June 26 as follows:  "Hi James Ramos please withdraw my complaint I made on June 1, 2012."

20   (Id.).  Ramos avers that "[a]t no time did Mr. Williams inform me that he had obtained legal

21   representation or that his attorney would be handling his claims."  (Id. ¶ 15).

22             Williams recalls sending the June 26 email to Ramos.  However, he claims that when he

23   spoke with Ramos the day before, he told Ramos that he had obtained an attorney and that the

24   attorney would be handling his claims.  (Williams Decl. ¶ 5).  Plaintiff now explains, "I said that I

25   was 'withdrawing' my EEO complaint submitted on June 1, 2012, because my attorney was going

26   to be pursuing it instead."  (Id.).

27             As discussed above, Kane says that he was retained by plaintiff on June 25, 2012, (Kane

28
                                                        12

United States District Court
Northern District of California

Decl. ¶ 2), and that he attempted, a few days later, to amend Williams' October 2011 formal EEO complaint to include the claim re the June 2012 suspension, as well as the claim re the alleged December 2011 failure to promote.  To briefly recap:   the amendment was not allowed; the claim re the June 2012 suspension was sent to EEO counseling; EEO counselor Fernando Ramirez issued a Notice of Rights and Responsibilities in July 2012 and conducted an investigation; the parties subsequently participated in an unsuccessful mediation in September 2012; the EEO office issued a Notice of Right to File a Discrimination Complaint later that month; and Williams filed a formal EEO complaint on October 9, 2012.  Defendant then dismissed that complaint pursuant to 29 C.F.R. § 1614.107(a)(1) on the ground that Williams withdrew that claim on June 26.  (Scharf Decl. ¶ 6, Ex. D).

Defendant argues that the agency's decision to dismiss plaintiff's formal EEO complaint must be given deference because it reflects the agency's interpretation and application of its own regulation set out in 29 C.F.R. § 1614.107(a)(1).  Generally, an agency's interpretation of its own ambiguous regulation is entitled to deference unless the interpretation is plainly erroneous or inconsistent with the regulation.  See Auer v. Robbins, 519 U.S. 452, 461, 117 S. Ct. 905, 911, 137 L.Ed.2d 79 (1997); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S. Ct. 1215, 1217, 89 L.Ed. 1700 (1945).  Here, however, the parties' dispute turns not on defendant's interpretation of its own regulation, but rather, on the interpretation of Williams' June 26 email in which he tells Ramos to withdraw his informal complaint.  That is a factual matter, not one of regulatory interpretation.

Essentially, plaintiff argues that when he told Ramos to "withdraw" his complaint, he did not really mean it and that what he actually meant was that his attorney would be pursuing the claim.  The parties dispute whether Williams ever said that to Ramos.  But even if plaintiff's testimony on that point is credited, it does not negate the fact that Williams unequivocally told Ramos to "withdraw" his complaint on June 26.  Nor does the court find that Williams' June 26 email was merely a matter of unfortunate word choice.  Indeed, the evidence presented indicates that Williams withdrew his June 1, 2012 complaint because Kane intended to proceed, not by way

13

1    of a separate complaint, but via an amendment to plaintiff's earlier-filed October 2011 formal

2    EEO complaint.  (Kane Decl. ¶ 3, Ex. A).  And, courts have held that claims are abandoned, even

3    when the withdrawal is inadvertent or mistaken.  See Brown v. City of New York, 869 F. Supp.

4    158, 170 (S.D.N.Y. 1994); Doe v. Odili Technologies, Inc., No. 3:96CV1957(AHN), 1997 WL

5    317316 at *3 (D. Conn., May 25, 1997).

6          Accordingly, the court finds that Williams withdrew his claim re the June 2012 suspension.

7    For all the same reasons discussed above with respect to his December 2011 failure to promote

8    claim, the court concludes that the doctrines of equitable tolling and equitable estoppel do not

9    apply.  Defendant's motion to dismiss as to the June 2012 suspension therefore is granted for

10   failure to exhaust administrative remedies.

## ORDER

12         Based on the foregoing, defendant's motion to dismiss is granted.  Within 15 days from the

13   date of entry of this order, defendant shall answer plaintiff's complaint as modified by this court's

14   ruling.

15   Dated:   October 16, 2014

16   _____

17   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

14

5:13-cv-00470-HRL Notice has been electronically mailed to:

Douglas C. Kane    dougkane@protectingrights.net

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov